IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ADRIAN NATHANIEL BACON, | ) |
| Plaintiff, | ) Civil Action No. 7:11cv00272 |
| v. | ) MEMORANDUM OPINION |
| G. VARNER, et al., | ) By: Samuel G. Wilson |
| | ) United States District Judge |
| Defendants. | ) |

This is an action pursuant to 28 U.S.C. § 1983 by plaintiff, Adrian Nathaniel Bacon, an inmate at Wallens Ridge State Prison ("WRSP") against defendants, correctional officer G. Varner, and Bryan Watson, the Warden at that institution, for injuries Bacon alleges he sustained when Varner attempted to stop two inmates from beating Bacon. Bacon claims that Varner and Watson violated his Eighth Amendment right to be free from cruel and unusual punishment when Varner used rubber shotgun pellets to stop two inmates from beating Bacon. Bacon is seeking damages and a court-ordered transfer to another prison. Varner and Watson have moved for summary judgment on the ground that Varner acted in a good-faith effort to restore prison discipline and not maliciously or sadistically for the purpose of causing harm, and, consequently, committed no Eighth Amendment violation. The court agrees and grants their motion for summary judgment.[1]

---

[1] Bacon also claims that Warden Watson "violated [his] rights to be free of endangerment" in that Bacon is still "housed around" Varner. To the extent that a right "to be free of endangerment" exists, Bacon fails to demonstrate any factual basis for the claim. There are no facts to indicate that Varner was trying to harm Bacon at the time of the incident or that Varner has been trying to harm Bacon since the incident's occurrence. Nor does Bacon allege facts showing that Warden Watson has, either affirmatively or by inaction, put Bacon in harm's way at any time. In short, Bacon has alleged no legal or factual basis for his "endangerment" claim against the warden.

**I.**

The relevant facts in the light most favorable to Bacon are these[2]: on June 20 2009, Bacon was getting a haircut at WRSP when two other inmates attacked him. The two assailants were stomping and kicking Bacon while he was lying helplessly on the ground. In an effort to stop the beating, Varner fired three rounds of rubber pellets.[3] At least some of the rubber pellets struck Bacon before Varner successfully restored order.

**II.**

Bacon maintains that Varner's actions violated his Eighth Amendment right to be free from cruel and unusual punishment. The defendants argue that Varner conducted himself appropriately in light of the circumstances and that any pain inflicted was not intentional or wanton, but merely an unintended consequence of Varner's good-faith effort to restore order. The court agrees with the defendants and therefore grants their motion for summary judgment.

The Eighth Amendment does not prohibit all application of force or infliction of pain. United States v. Gore, 592 F.3d 489, 494 (4th Cir. 2010). "The infliction of pain in the course of a prison security measure . . . does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied for security purposes was unreasonable, and hence unnecessary in the strict sense." Id. (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)). Rather, excessive force is characterized by "obduracy and wantonness,

---

[2] Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The court views the facts in the light most favorable to the nonmoving party. Henry v. Purnell, 501 F.3d 374, 377 (4th Cir. 2007).

[3] The defendants submitted affidavits from G. Varner, the officer who fired the shots, and H. Cochrane, a correctional officer who witnessed the event. The affidavits indicate that after Bacon was attacked and knocked to the ground, Varner sounded a security alarm, unsuccessfully ordered the assailants to stop the attack, fired a blank round in a safe direction, aimed and fired rubber pellets at the inmate assailing Bacon's head and face, and then aimed and fired rubber pellets at the other attacker. This caused the attackers to cease and order was restored. For the purposes of this opinion, however, the court uses Bacon's version of the events.

not inadvertence or error in good faith, . . . whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock." Id. (quoting Whitley, 475 U.S. at 319). Thus, these determinations turn on "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the purpose of causing harm." Id. (quoting Whitley, 475 U.S. at 319). Moreover, while the United States Supreme Court has "rejected the notion that 'significant injury' is a threshold requirement for stating an excessive force claim," the absence of a serious injury is not irrelevant. Wilkins v. Gaddy, 130 S. Ct. 1175, 1178 (2010). "Unless it appears that the evidence, viewed in the light most favorable to the plaintiff, will support a reliable inference of wantonness in the infliction of pain . . . the case should not go to the jury." Whitley, 475 U.S. at 322.

    Under this standard, Bacon's allegations do not amount to a violation of his Eighth Amendment right to be free from cruel and unusual punishment and the defendants are entitled to summary judgment. Eighth Amendment questions in this context turn on whether force was applied in a good-faith effort to restore prison discipline or maliciously and sadistically for the purpose of causing harm. Bacon's own telling of the facts indicates that he was being "stomped and kicked" by his attackers and that Varner's actions indeed *halted* that attack. Had Varner not acted, the continued kicks to Bacon's head and body would almost assuredly have been more injurious than Varner's rubber pellets. There can thus be no legitimate inference of malicious or sadistic intent on Varner's part. That Bacon suffered pain from Varner's efforts, while regrettable, is immaterial in this context. The unintentional infliction of pain in the course of restoring prison order does not amount to cruel and unusual punishment. This is true even if the force used does not appear in retrospect to have been reasonable. Here, not only was the force

reasonable in light of the vicious nature of the attack, but the pain was the result of a good-faith effort to restore prison discipline and it likely pales in comparison to the potential pain inflicted by a continued assault. And while Bacon is not required to establish the infliction of a serious injury, the absence of such injury is not irrelevant. It is not hard to imagine that Varner's actions in fact *prevented* serious injury to Bacon. Viewing the evidence in the light most favorable to the plaintiff, the court is unable to reliably infer wantonness in the infliction of any pain. As such, the court grants the defendants' motion for summary judgment.

### III.

Even viewing the facts in the light most favorable to Bacon, this court is unable to reasonably characterize the defendants' conduct as violating the Cruel and Unusual Punishment Clause of the Eighth Amendment. Accordingly, the court will grant the defendants' motion for summary judgment.

**ENTER:** this 2nd day of November, 2011.

_____
UNITED STATES DISTRICT JUDGE